UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| KING LUTHER MARTIN,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 18-cv-00752-RMI<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 19, 22 |

Plaintiff, King L. Martin, seeks judicial review of an administrative law judge ("ALJ") decision denying his application for disability insurance benefits under Title II, and for supplemental security benefits under Title XVI, of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council, thus, the ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 7 & 9), and both parties have moved for summary judgment (dkts. 19 & 22). For the reasons stated below, the court will grant Plaintiff's motion for summary judgment, and will deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

On July 3, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II. *See Administrative Record* ("*AR*") (dkt. 15) at 47. On the same day, Plaintiff filed an application for supplemental security income under Title XVI. *See id*. Plaintiff alleged disability beginning December 1, 2010 in both applications. *Id*. The ALJ denied the applications on August 2, 2016. *Id*. at 44-65. The Appeals Council denied Plaintiff's request for review of the applications on December 7, 2017. *Id*. at 1-7.

## SUMMARY OF THE RELEVANT EVIDENCE

Plaintiff has alleged that he suffers from the following impairments: auditory hallucinations, depression, physical impairments and pain from cumulative traumatic injuries, posttraumatic stress disorder, human immunodeficiency virus ("HIV"), and liver problems. *See Pl.'s Mot.* (dkt. 19) at 5, 7. The ALJ determined that Plaintiff's HIV, back disorder, affective disorder, anxiety disorder, psychotic disorder, and polysubstance abuse in reported remission were severe impairments. *AR* (dkt. 15) at 50. The ALJ found Plaintiff's liver impairment to be non-severe and noted that the record did not contain "sufficient objective medical evidence to substantiate this medical condition" and that the alleged problems "do not produce significant limitations in the claimant's ability to perform basic work activities." *Id*. By way of a submission to the Commissioner, namely, information provided on an agency-prepared form (entitled, "Disability Report – Adult – Form SSA-3368"), Plaintiff stated that his liver problems and his depression limited his ability to work. *See id*. at 261.

A review of the hearing transcript reveals that the ALJ did not develop the record

regarding Plaintiff's liver impairment. *See id*. at 66-93. In fact, the ALJ never asked Plaintiff anything about his liver and instead focused on his mental health issues. Plaintiff testified that he started hearing voices when he was 24 (he is now 47). *Id*. at 72-73. The voices talk to Plaintiff every day, telling him to use drugs, to kill himself, and that he is worthless. *Id*. at 74. He cannot concentrate or focus "[c]ause the voices are loud." *Id*. at 75. Plaintiff was homeless for over six months, during which time his symptoms worsened, and he was in several fights. *Id*. at 77. On an average day, Plaintiff takes medication, watches television, and eats a microwavable meal (all his meals are microwavable). *Id*. at 78, 82. The bulk of the remaining testimony was from the vocational expert, with additional inquiries into Plaintiff's depression. *Id*. at 83-93.

*Evidence Pertaining to Liver Problems:*

On November 23, 2012, Plaintiff visited the emergency department of Alameda Health System's Highland Hospital with a chest contusion. *See id*. at 391-408. Although Plaintiff "denie[d] any liver problems," (*id*. at 396), his doctors concluded otherwise. Sandra Mun, M.D., Georgina Calderon, M.D., and Charlotte Wills, M.D., each documented liver problems. Dr. Mun diagnosed Plaintiff with "Liver Disorder (Not Otherwise Specified)" (*id*. at 408), and described Plaintiff's liver as "fatty" (*id*. at 406-07). Dr. Calderon confirmed that Plaintiff's "liver is fatty." *Id*. at 397. Moreover, Dr. Wills indicated that Plaintiff "has marked increase in his L[iver] F[unction] T[est]'s" and elevated levels of liver enzymes. *Id*. at 396. Plaintiff proffered additional evidence of liver problems. On April 30, 2013, Plaintiff's records indicate "AXIS III liver" disease. *Id*. at 101. On October 29, 2013, notes read: "42 year old clmt alleges liver problems." *Id*. at 98. The liver impairment appears well-documented for almost one year.

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits (the "claimant") must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.[1] The ALJ must consider all evidence in

---

[1] The regulations for supplemental security income ("SSI") (Title XVI) and disability insurance benefits (Title II) are virtually identical though found in different sections of the Code of Federal Regulations. For

3

the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. *AR* (dkt. 15) at 44-65. At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date he became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and it is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. *AR* (dkt. 15) at 49.

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered from the following severe impairments: HIV, back disorder, affective disorder, anxiety disorder, psychotic disorder, and polysubstance abuse in reported remission. *AR* (dkt. 15) at 50. The ALJ, however, found that Plaintiff's liver problems were not substantiated by "sufficient objective medical evidence" and did "not produce significant limitations in the claimant's ability to perform basic work activities." *Id*.

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *See id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or

---

the sake of convenience, the court will generally cite to the SSI regulations herein unless noted otherwise.

4

1   combination of impairments that met or equaled one of the listed impairments. *AR* (dkt. 15) at 50.

2   The ALJ also determined that Plaintiff retained the RFC "to perform medium work" with several

3   limitations. *Id.* at 52-58.

4   At Step Four, the ALJ determined that Plaintiff was able to perform his past relevant work

5   as a laborer. *Id.* at 58-59. Thus, the ALJ found that Plaintiff had not been under a disability, as

6   defined in the Social Security Act, from December 1, 2010 through August 2, 2016 (the date of

7   the ALJ's decision). *Id.* at 59.

**ISSUES PRESENTED**

Plaintiff presents several issues for review. The first assigns error to the ALJ's application of the Step Two analysis. *Pl.'s Mot.* (dkt. 19) at 7. Plaintiff's second issue assigns error to the ALJ's finding that Plaintiff did not meet or equal a listed impairment. *Id*. at 7-13. Plaintiff's third issue assigns error to the ALJ's evaluation of the medical evidence. *Id*. at 13-16. Plaintiff's fourth issue assigns error to the ALJ's evaluation of the claimant's credibility. *Id*. at 16-17. Plaintiff's fifth issue assigns error to the Appeal Council's determination of new and material evidence. *Id*. at 17-18. Plaintiff contends that the court should grant summary judgment and remand for payment of benefits, or in the alternative, for further proceedings. *Id*. at 18-19.

**DISCUSSION**

In his first issue, Plaintiff contends that the ALJ erred at Step Two by finding that Plaintiff did not have a medically determinable liver impairment and that his impairment was non-severe. *See id.* at 7. Plaintiff argues that even a non-severe, but medically determined condition, must be factored into the Step Three analysis and the formulation of the RFC. *Id*. Defendant argues that "any perceived error in not identifying the liver problems as a severe impairment did not prejudice Plaintiff in any way," but does not respond to Plaintiff's contention that the ALJ should have found the problems medically determinable. *See Def.'s Mot.* (dkt. 22) at 14.

As mentioned above, at Step Two of the disability determination process, it is incumbent on the ALJ to determine whether the claimant has a medically severe impairment or combination of impairments. Step Two, is "a de minimis screening device [used] to dispose of groundless claims." *Webb*, 433 F.3d at 687. The ALJ's written decision must state reasons for disregarding

5

"significant probative evidence." *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir.1995). Here, the ALJ dismissed Plaintiff's well-documented liver impairment – noted by at least three doctors over almost one year – by simply concluding that "[t]he medical record reflects minimal evidence of treatment for an alleged liver disorder." *AR* (dkt. 15) at 50. The ALJ found that "a careful review of the record does not disclose sufficient objective medical evidence to substantiate this medical condition as alleged by the claimant." *Id*. The court disagrees. The ALJ's somewhat generic statement was not supported by substantial evidence; instead, there is ample evidence in the medical record of Plaintiff's liver impairment. The record before this court does not show that the ALJ properly considered all the evidence documented by Drs. Mun, Calderon, Wills, and other medical professionals in 2012-13. Thus, the ALJ erred in failing to explicitly discuss this significant body of probative evidence.

The court finds that the ALJ's failure to discuss this evidence in making the Step Two determination was reversible error. While the ALJ is certainly able to reject evidence in the record when making the Step Two determination, the ALJ must, at the very least, provide reasons for doing so. *See, e.g. Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ's explanation that the record does not substantiate Plaintiff's alleged condition is both legally insufficient and contradicted by substantial evidence in the record. Although the record provides an incomplete overview of Plaintiff's liver impairment, "it includes evidence of problems sufficient to pass the de minimis threshold of step two." *Webb*, 433 F.3d at 687.

The Commissioner attempts to avoid this shortcoming in the ALJ's decision and to focus the inquiry on evidence elsewhere in the record offered as support of the ALJ's Step Two finding. However, it is not for this court to evaluate the ignored evidence in the first instance, assign it weight, and then reweigh it against the other evidence of record, or to provide a *post hoc* justification or supplementation for its rejection. Instead, the court is tasked with a review of the ALJ's evaluation of the evidence. That is why the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores*, 49 F.3d at 570–71. The evidence outlined above is consistent with Plaintiff's claims regarding his liver problems and should have either been accepted by the ALJ, or specifically rejected with an explanation.

"The ALJ's failure to address plaintiff's [liver problems] at Step Two indicates that the ALJ may not have accounted for all of plaintiff's impairments during subsequent steps of the sequential evaluation process." *Richard v. Colvin*, No. C13-6055 RBL, 2015 WL 2085610, at *4 (W.D. Wash. May 5, 2015). Because the case is to be remanded for further proceedings for the reasons described above, the court declines to address Plaintiff's remaining claims at this time since the calculus of the disability determination may change radically once the above-described error at Step Two is corrected. *See Haverlock v. Colvin*, No. 2:12-CV-2393-DAD, 2014 WL 670202, at *5 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at Step Two, the court need not address plaintiff's remaining claims.").

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (dkt. 19) is **GRANTED**, and Defendant's Motion for Summary Judgment (dkt. 22) is **DENIED**. The case is **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: July 29, 2019

ROBERT M. ILLMAN
United States Magistrate Judge